UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-759-H

FREDERICKA R. CALDWELL                                               PLAINTIFF

V.

COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH AND FAMILY
SERVICES, et al.                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Fredericka R. Caldwell, has filed this *pro se* complaint alleging racial discrimination retaliation as reasons for her termination from her employment with the Commonwealth of Kentucky, Cabinet for Health and Family Services. Defendants have moved for summary judgment. For the following reasons, the Court will grant the motion.

I.

To prove a claim of discrimination, Plaintiff must pass the shifting burden test of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Under this well-known test, Plaintiff must establish a prima facie case which would consist of showing that (1) that she is a member of a protected class; (2) she was qualified for the position; (3) she was subject to adverse employment action; and (4) that similarly situated non-protected employees were treated differently. The Cabinet admits all but the last of these as to its termination of Plaintiff and placing her on leave without pay. The Court has carefully reviewed the record and finds no evidence that similarly situated non-protected employees were treated differently.

Even assuming that Plaintiff could establish a prima facie case, however, she cannot establish that Defendant's reasons for her dismissal or being placed on leave without pay were a pretext. The evidence is that Defendants have articulated legitimate business reasons for terminating Plaintiff. In fact, Plaintiff has already challenged her termination in a three day hearing before the Kentucky Personnel Board. The Board had concluded that Plaintiff has falsified her Internal Mobility Register application, as a means of obtaining new employment within the Cabinet.

To determine whether a basis for termination is a mere pretext, the Court must ask whether the proffered reason has a basis in fact, whether the proffered reason actually motived the decision, and whether it was sufficient to do so. *Mitchell v. Vanderbilt University*, 389 F.3d 177, 184 (6th Cir. 2009). Certainly, falsification of internal records is a sufficient ground for dismissal from current employment. Defendant has clearly established that it dismissed Plaintiff due to her falsification of internal records and that she was placed on leave without pay due to her failure to follow leave policies. There is no doubt that Defendants possessed a factual basis for believing their reasons to be true. That Plaintiff has a different opinion than the evidence is not a sufficient reason to allow this case to go forward on the claims of discrimination.

II.

To establish retaliation under Title VII, the Sixth Circuit requires a plaintiff to show (1) that she is engaged in a protected activity; (2) that she suffered an adverse employment action and (3) that the adverse action occurred because of the protected activity. *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1080 (6th Cir. 1999). The adverse employment actions considered in the retaliation claim are not limited to the discriminatory actions that affect

the terms and conditions of employment. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62-64 (2006). Nevertheless, after reviewing the record, the Court cannot find any evidence that Defendant took action against her in response to some protected activity. Indeed, the evidence presented at the Personnel Board hearing completely disproved these allegations. Indeed, the evidence shows that Defendant took its adverse employment actions without knowledge of Plaintiff's supposed protected activities. Consequently, there can be no permissible inference that Defendant acted in response to them. The analysis on these claims precludes the possibility of a claim for punitive damages.

### III.

Defendants have moved for sanctions based upon Plaintiff's misrepresentation of events that occurred during proceedings of the Kentucky Personnel Board. Defendants make a strong case that their assertions are true. Nevertheless, the Court will exercise its discretion and decline to impose sanctions at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants' motion for sanctions is DENIED.

This is a final and appealable order.

cc: Fredericka R. Caldwell, *Pro Se*
　　 Counsel of Record